## In re SUPERIOR MOTOR TRUCK CO.

(District Court, N. D. Georgia. September 19, 1921.)

No. 7040.

Bankruptcy ⬀140(3)—Advance payment by buyer held property of bankrupt seller, and not held in trust by bankrupt.

An advance payment made to a bankrupt on the purchase price of trucks, to be delivered on demand, *held* to have become immediately the property of the bankrupt seller, subject to the contract, and not to be held in trust by the bankrupt, where delivery was not ordered.

In Bankruptcy. In the matter of the Superior Motor Truck Company, bankrupt. On review of order of referee on intervention of A. J. Williams. Affirmed.

Wm. J. Davis, Jr., of Atlanta, Ga., for intervener.
Bryan & Middlebrooks, of Atlanta, Ga., for trustee.

SIBLEY, District Judge. The receipt exhibited in the intervention indicates the payment of money upon a purchase of trucks to be delivered in the future, five days after demand by the purchaser. This

---
⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

appears to be merely a credit sale, in which the credit is extended to the seller rather than to the buyer. Where credit is extended to the buyer, the title to the thing delivered to him passes immediately, unless retained according to law. I do not see any reason why, when the credit is reversed, the money paid does not become immediately the money of the seller; the buyer obtaining only the obligation of the seller to make delivery on demand. When this obligation is not met, it may be that a right of rescission exists, and it is certainly true that a failure of consideration occurs, giving rise to a claim on the part of the buyer to have the money repaid. In no case, however, was the money in the meanwhile held on any sort of trust, or as the property of the buyer. I do not think that the doctrine of tracing a trust fund would have any application. If I did, I agree with the conclusion of the referee that there is a burden upon the tracing party to show more than that his money was received and not returned. He must connect it with the fund out of which he seeks payment, and show reasonably that his money contributed to and swelled it, and that it was not lost, misplaced, or diverted in some other direction.

None of these appearing from the intervention, judgment of the referee is affirmed.